UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEBORAH L. DEROZIER,

        Plaintiff,

v.　　　　　　　　　　　　　　　　　　　Case No. 09-C-100

WALGREEN CO.,

        Defendant.

**ORDER**

Plaintiff Deborah L. DeRozier filed this action for injunctive relief and damages against her former employer, defendant Walgreen Co. ("Walgreen"), alleging that Walgreen erroneously reported to a consumer reporting agency that she had stolen $10 from the till. Though DeRozier did not specifically cite the federal statute under which she brought the action in the complaint, the jurisdiction of which rests upon 28 U.S.C. § 1331, it is apparent she intends to invoke the protections of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA"). (Pl.'s Br. in Opp. to Def.'s Mot. to Dismiss at 4, Doc. # 17.) This matter is before me on Walgreen's motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure and DeRozier's Civil L.R. 7.4 motion for leave to file an amended complaint with a FCRA claim and various claims under state law against Walgreen and two additional defendants. (Doc. # 14, 16.) For the reasons stated below, Walgreen's motion to dismiss will be denied and DeRozier's motion for leave to file an amended complaint will be granted.

After the opportunity to amend the pleadings as a matter of course has passed, a party may amend a complaint only with consent of the opposing party or leave of the court. Fed. R. Civ. P.

15(a). The court should freely grant leave to amend the pleadings. *Id.*; *Foman v. Davis*, 371 U.S. 178, 182 (1962). Grounds to deny leave to amend a complaint include "undue delay, bad faith, dilatory motive, prejudice, or futility." *Guise v. BWM Mortg., LLC*, 377 F.3d 795 (7th Cir. 2004) (*citing Ind. Funeral Directors Ins. Trust v. Trustmark Ins. Corp.*, 347 F.3d 652, 655 (7th Cir. 2003)). "A 'court may deny leave to amend if the proposed amendment fails to cure the deficiencies in the original pleading, or could not survive a second motion to dismiss.'" *Crestview Village Apartments v. U.S. Dept. of Housing & Urban Dev.*, 383 F.3d 552, 558 (7th Cir. 2004). "[L]eave to amend defective allegations of subject matter jurisdiction should be freely given," though where it is apparent that the court has no jurisdiction the case must be dismissed. *Leaf v. Supreme Ct. of State of Wis.*, 979 F.2d 589, 595 (7th Cir. 1992) (*quoting Watkins v. Lujan*, 922 F.2d 261, 264 (5th Cir. 1991)).

Walgreen contends that DeRozier's failure to cite the federal law under which she makes her claim, coupled with a lack of indication in the complaint that she has followed the procedures of the FCRA, should result in dismissal. Walgreen takes the position that the FCRA does not provide a private right of action against an entity that furnishes information to a consumer reporting agency. On the question of whether DeRozier should be permitted leave to amend, Walgreen argues that granting such leave would cause it to suffer prejudice in the form of time and expense it would not otherwise expend. (Def.'s Br. in Opp. to Pl.'s Mot. for Leave to Amend Compl. at 2.) Walgreen also asserts that leave should not be granted to amend the complaint as DeRozier has not come forward with an excuse for neglecting to name the two additional parties, Choicepoint Workplace Solutions, Inc., a consumer reporting agency, and Jason J. Jarmuskiewicz, an assistant manager of the Walgreen's store at which DeRozier worked, at an earlier stage in this litigation.

2

In response to Walgreen's motion to dismiss, DeRozier argues that she need not plead a legal theory in order to state a claim and whatever the merits of the original complaint, she should be granted leave to file an amended complaint as such an amendment can correct any defect regarding subject matter jurisdiction over the FCRA claim. I conclude that DeRozier has the better argument.

Walgreen's assertion that it would suffer prejudice if leave to amend were granted is insufficiently developed. The complaint in this matter was filed on January 29, 2009, and Walgreen filed its answer on February 21, 2009. (Doc. # 1, 3.) The dispositive motion deadline in this case is currently June 26, 2009, and DeRozier's expert witness disclosures under Rule 26 are currently due on or before July 27, 2009. (Scheduling Order, Doc. # 13 at 1-2.) The mere fact that a new scheduling order may be required, along with more discovery–things not uncommon to federal litigation–does not constitute prejudice sufficient to deny the motion for leave to amend. Similarly, DeRozier's failure to name the two additional parties at an earlier point in time, given the history of this matter, does not foreclose her from amending the complaint. Finally, it does not appear that leave should be denied on the basis of futility.

Accordingly, DeRozier's motion for leave to file an amended complaint is **GRANTED**. Choicepoint Workplace Solutions, Inc. and Jason J. Jarmuskiewicz shall be added as defendants to this action. Walgreen's motion to dismiss is **DENIED** as moot.

**SO ORDERED** this 16th day of June, 2009.

s/ William C. Griesbach
WILLIAM C. GRIESBACH
United States District Judge