# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DEBORAH L. DEROZIER,

        Plaintiff,

v.                                                  Case No. 09-C-100

WALGREEN CO.,
CHOICEPOINT WORKPLACE SOLUTIONS, INC.,
and JASON J. JARMUSKIEWICZ,

        Defendants.

**ORDER REGARDING MOTION FOR CLARIFICATION
AND MODIFICATION OF SCHEDULING ORDER**

        Plaintiff Deborah L. DeRozier filed this action against her former employer, Walgreen Co. ("Walgreen"), Jason J. Jarmuskiewicz, an assistant manager at the Walgreen's store where she worked, and Choicepoint Workplace Solutions, Inc. ("Choicepoint"), a consumer reporting agency. DeRozier brings claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA"), and a claim that Walgreen breached her employment contract. Jurisdiction rests upon 28 U.S.C. § 1331 for the FCRA claims and 28 U.S.C. § 1367 for the pendent claim. Walgreen filed a motion for summary judgment on June 26, 2009.

        On July 28, 2009, Walgreen took the unusual step of writing the Court to note that DeRozier had not responded to its motion for summary judgment or any proposed findings of fact. (Doc. # 27.) It further requested that the Court sign the proposed order that it submitted, which would have the effect of dismissing with prejudice all of DeRozier's claims against Walgreen. DeRozier responded to this letter on the same day, indicating that DeRozier did not oppose summary

judgment on the furnishing false information claim in violation of § 1681s-2(a) and had even conceded that no private right of action existed under that provision before Walgreen even filed its summary judgment motion. DeRozier explained, however, that she did oppose summary judgment on her claim that Walgreen failed to investigate and correct false information, which she contends is actionable under § 1681s-2(b), as well as her breach of contract claim. In DeRozier's view, Walgreen's motion addresses only the § 1681s-2(a) claim, not the § 1681s-2(b) claim. The volley of letters continued with another from Walgreen the same day asserting that DeRozier's letter response was untimely and not a proper opposition to the motion. (Doc. # 29.) Walgreen again repeated its request that I sign the proposed order.

On July 29, 2009, DeRozier filed an expedited non-dispositive motion under Civil L.R. 7.4 to clarify or modify the scheduling order. (Doc. # 30.) Specifically, DeRozier seeks to clarify that the deadline for filing a response to Walgreen's motion for summary judgment is July 29, 2009, or alternatively, to modify the scheduling order to permit such a filing. As noted above, Walgreen moved for summary judgment on the date of deadline to file dispositive motions under the scheduling order, June 26, 2009. DeRozier highlights the tension between the paragraph (5) of the scheduling order, which requires that responsive briefs to any dispositive motion must be filed by July 27, 2009, and paragraph (7) of the same, which indicates that materials in opposition to a motion for summary judgment must be filed within 30 days as provided by Civil L.R. 56.2(b). What complicates matters is Fed. R. Civ. P. 6(d), which when read in conjunction with Fed. R. Civ. P. 5(b)(2), provides three more days in which to respond where filing is accomplished electronically. DeRozier thus contends that paragraph (7) of the scheduling order can fairly be read to permit 33 days to respond to a motion for summary judgment, making the deadline July 29, 2009.

Given the confusion in the scheduling order, I conclude that DeRozier is entitled to the relief she seeks and will therefore grant her motion for clarification of the scheduling order. She had through July 29, 2009, to respond to Walgreen's motion for summary judgment, so her July 29 response to the motion for summary judgment is timely. Walgreen is directed to file its reply on or before August 17, 2009.

In addition, Jarmuskiewicz filed an expedited non-dispositive motion under Civil L.R. 7.4 to modify the scheduling order in this case. (Doc. # 26.) The scheduling order was entered on March 26, 2009, prior to DeRozier's filing of her amended complaint which first named Jarmuskiewicz and Choicepoint as defendants. The order provided that dispositive motions were due to be filed on or before June 26, 2009. (Doc. # 13.) Choicepoint has yet to appear in this matter. Because the late entry of Jarmuskiewicz and Choicepoint into the case, good cause exists to modify the scheduling order under Fed. R. Civ. P. 16. Accordingly, Jarmuskiewicz' motion will be granted. The Clerk will set the matter for a further scheduling conference after defendant Choicepoint has appeared in this matter if necessary.

**SO ORDERED** this   30th   day of July, 2009.

                                      s/ William C. Griesbach
                                      WILLIAM C. GRIESBACH
                                      United States District Judge